**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                                                                Case No. 16-10389-PGH

LIZA HAZAN a/k/a ELIZABETH HAZAN,                        Chapter 11

      Debtor,
_____/

## NOTICE OF APPEAL

NLG, LLC ("NLG"), Fisher Island Community Association ("FICA") Members, Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC, through undersigned counsel, and Chris Kosachuk ("Kosachuk"), *pro se,* appeal under 28 U.S.C. § 158(a) to the United States District Court for the Southern District of Florida from the Order Granting Motion to Strike [Doc. 1400], filed on February 9, 2023 and entered on the docket on February 10, 2023 in this case (the "Striking Order"), and the Order Denying Motion to Reconsider [Doc. 1405] filed on March 3, 2023 and entered on the docket on March 6, 2023 in this case (the "Reconsideration Order"), copies of which are attached to this Notice of Appeal.

In appealing from these Orders, Appellants appeal from all orders and decisions antecedent and ancillary thereto, including all interlocutory judgments, decrees, rulings, reports, recommendations and opinions that merged into and became part of the Orders, that shaped the Orders, that are related to the Orders and upon which the Orders are based.

The names of all parties to the judgment, order or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Part 1. Identify the appellant:**

1. Names of Appellants: NLG, LLC ("NLG"), Fisher Island Community Association ("FICA") Members, Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC, through undersigned counsel, and Chris Kosachuk, *pro se*.

2. Position of Appellant: Creditors and Interested Parties

| **Appellants:** | **Attorneys** |
|---|---|
| NLG and FICA Members Vinas, Yee, Via Mia North America, LLC & 2215 Fisher Island Dr. LLC | |
| | Juan Ramirez, Jr.<br>ADR Miami, LLC<br>1331 Brickell Bay Dr. #708<br>Miami, FL 33131<br>(305) 667-6609<br>jr@adrmiami.com |
| Chris Kosachuk<br>854 Pheasant Run Road<br>West Chester, PA 19382 | Chris Kosachuk<br>Pro Se Appellant<br>854 Pheasant Run Road<br>West Chester, PA 19382 |

**PART 2. Identify the subject of this appeal:**

1. Describe the judgment, order or decree appealed from:

   Order Granting Motion to Strike [Doc. 1400] and Order Denying Motion to Reconsider [Doc. 1405].

2. State the date on which the Order was entered on the docket: February 10, 2023 and March 6, 2023

**PART 3: Identify the other parties to the appeal**

| **Party: Debtor/Appellee** | **Attorney** |
|---|---|
| Liza Hazan a/k/a Elizabeth Hazan<br>6913 Valencia Drive<br>Fisher Island, FL 33109 | JOEL M. ARESTY, P.A.<br>309 1st Ave S<br>Tierra Verde FL 33715<br>Tel 305--904--1903<br>Fax 800--559--1870<br>E--mail Aresty@Mac.com |

March 16 2023.

Respectfully submitted,

| _____<br>Juan Ramirez, Jr.<br>ADR Miami, LLC<br>1331 Brickell Bay Dr. #708<br>Miami, FL 33131<br>(305) 667-6609<br>jr@adrmiami.com | _____<br>Chris Kosachuk<br>*Pro Se Appellant*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |
|---|---|
| Attorney for Appellant Creditors NLG, LLC, FICA Members Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March 2023 a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record.

Respectfully submitted,

_____
Juan Ramirez, Jr.
ADR Miami, LLC
1331 Brickell Bay Dr. #708
Miami, FL 33131
(305) 667-6609
jr@adrmiami.com

Attorney for Appellant Creditors NLG, LLC, FICA Members Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC

## SERVICE LIST

*Served via CM/ECF or Email*

All parties of record



**ORDERED in the Southern District of Florida on February 9, 2023.**

**Paul G. Hyman, Jr., Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**In re:**  Case No. 16-10389-PGH
 Chapter 11
**LIZA HAZAN,**

 Debtor.
_____/

### ORDER GRANTING MOTION TO STRIKE

This matter came before the Court upon the *Reorganized Discharged Liza Hazan Cross Motion to Strike Non-Creditors Non Interested [sic] Parties Disallowed Unauthorized Joint Motion to Reopen Case* [ECF No. 1396] (the "Motion to Strike") filed by Liza Hazan (the "Debtor"). The Debtor asks the Court to strike the *Joint Motion to Reopen Case, for Relief from Discharge Order and Final Decree, to Declare Confirmed Plan in Default, to Strike Confirmation Order, to Dismiss Case with Prejudice and Restore All Parties to Their Prepetition Status* [ECF No. 1394][1] (the "Motion to Reopen") filed by NLG, LLC; Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC (the

---

[1] The Court encourages all parties to strive for shorter motion titles.

Page 1 of 3

"Association Members"); and Chris Kosachuk (together, the "Movants"). For the reasons stated below, the Movants lack standing. The Court will grant the Motion to Strike.

The Debtor filed a voluntary chapter 11 petition on January 11, 2016. The Court confirmed the Debtor's plan of reorganization on June 12, 2018. ECF No. 691. The Debtor received her discharge on December 7, 2018. ECF No. 766. The Court entered a Final Decree and closed this case on December 5, 2022. ECF No. 1376. Through the Motion to Reopen, the Movants ask the Court for a mulligan on seven years of litigation. The Debtor argues the Movants lack standing and requests the Court strike the Motion to Reopen.

11 U.S.C. § 1109(b) allows a "party in interest" to appear and be heard on any issue in a chapter 11 case. Section 1109(b) allows parties to participate in chapter 11 cases if the parties have a legal or pecuniary interest in the outcome of the case. *In re James Wilson Assocs.*, 965 F.2d 160, 169 (2d Cir. 1992). An entity's equity holders do not have an interest sufficient to support standing. *See In re Refco, Inc.*, 505 F.3d 109 (2d Cir. 2007). Under Florida law, the members of a homeowner's association generally cannot bring claims on behalf of the association. *See Collado v. Baroukh*, 226 So. 3d 924 (Fla. 4th DCA 2017).

Mr. Kosachuk and the Association Members did not file proofs of claim in this case. NLG filed a proof of claim, but the Court disallowed that claim. Adv. Pro. No. 16-01439-AJC, ECF No. 238. NLG appealed, the District Court dismissed the appeal, and the Eleventh Circuit affirmed the District Court's dismissal. ECF Nos. 386, 410. NLG and Mr. Kosachuk litigated, lost, and now whine for a redo. However, neither Mr. Kosachuk nor NLG have any pecuniary interest in this case. The Court has previously stated that Mr. Kosachuk lacks standing. ECF No. 1106. NLG also lacks standing. Adv. Pro. No. 18-01492-AJC, ECF No. 35.

The Association Members claim injury on the theory that the Debtor owes money to the Fisher Island Condominium Association, the Debtor has not paid the Association, and the Association Members are left holding the bag. However, the Association Members cannot

Page 2 of 3

assert claims on behalf of the Association under Florida law. They are not the party with a direct pecuniary interest in the bankruptcy. They have no standing in this case.

The Movants lack standing to appear in this case. The Motion to Reopen makes this obvious. In the Motion to Reopen, the Movants complain about injuries solely to other parties. The Motion to Reopen appears to be filed solely for the improper purpose of harassing the Debtor. Revocation of discharge requires an adversary proceeding. NLG knows this because NLG filed a complaint to revoke the Debtor's discharge on December 18, 2018. Adv. Pro. No. 18-01492-AJC. The Court dismissed that adversary proceeding. Adv. Pro. No. 18-01492-AJC, ECF No. 35. That dismissal order notes that Mr. Kosachuk and NLG lack standing. Other Courts have also explained this to NLG and Mr. Kosachuk. *See, e.g.,* ECF Nos. 1331, 1397. No good faith basis exists for the Movants to have filed the Motion to Reopen.

For the foregoing reasons, it is ORDERED and ADJUDGED that the Motion to Strike [ECF No. 1396] is GRANTED and the Motion to Reopen [ECF No. 1394] is hereby STRICKEN.

###

Copy to:
Joel M. Aresty, Esq.

*Joel M. Aresty, Esq. is directed to serve a copy of this order on all appropriate parties and shall file a certificate of service with the Court.*



**ORDERED in the Southern District of Florida on March 3, 2023.**

**Paul G. Hyman, Jr., Judge
United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                           Case No. 16-10389-PGH
                                                                             Chapter 11

LIZA HAZAN,

     Debtor.
_____/

### ORDER DENYING MOTION TO RECONSIDER

This matter came before the Court upon the *Joint Motion for Rehearing and Relief from Order Granting Motion to Strike* [ECF No. 1402] (the "Motion for Rehearing") filed by NLG, LLC; Roberto Viñas, Marta Yee, Via Mia North America, LLC and 2215 Fisher Island Dr. LLC (the "Association Members"); and Chris Kosachuk (together, the "Movants"). Liza Hazan (the "Debtor") filed a Response [ECF No. 1403] and the Movants filed a Reply [ECF No. 1404]. The Movants request the Court vacate the *Order Granting Motion to Strike* [ECF No. 1400] (the "Order Striking") under Rules 59 and 60 of the Federal Rules of Civil Procedure, made applicable by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure. The Movants do not cite to particular provision of Rules 59 and 60 but generally argue the Court made errors of fact and law in the Order Striking. For the reasons stated

Page 1 of 4

below, the Court did not err in concluding the Movants lacked standing to file the Joint Motion to Reopen [ECF No. 1394].[1]

Mr. Kosachuk never filed a proof of claim in this case. The Court disallowed NLG's proof of claim. Adv. Pro. No. 18-01439-AJC, ECF No. 238. A party must have a legal or pecuniary interest in the outcome of a chapter 11 case for that party to have standing to be heard in that case. *In re James Wilson Assocs.*, 965 F.2d 160, 169 (2d Cir. 1992). NLG claims the Court erred because NLG is the largest creditor in this case. This completely ignores the fact that the Court disallowed NLG's claim. NLG and Mr. Kosachuk lack standing. This Court and others have repeatedly explained this. ECF No. 1106, 1331, 1397; Adv. Pro No. 18-01492-AJC, ECF No. 35. NLG twice appealed the disallowance of its claim, and both the District Court and Eleventh Circuit affirmed this Court's ruling. Adv. Pro. No. 18-01439-AJC, ECF Nos. 386, 410. The orders ruling that NLG and Mr. Kosachuk lack standing are final and non-appealable. Accordingly, the Court did not err in the Order Striking when the Court concluded NLG and Mr. Kosachuk lack standing.

As to the Association Members, the Court welcomes the opportunity to clarify its earlier ruling. The Association Members take issue with this Court's citation to *Collado v. Baroukh*, 226 So. 3d 924 (Fla. 4th DCA 2017) for the proposition that members of a homeowners' association generally do not have standing to pursue claims owed to the association. The Court cited to *Collado* for how that case arose: the appellant in that case had filed a derivative suit. The Association Members have the option of filing a derivative action in Florida state court if they believe the Fisher Island Community Association ("FICA") has failed to pursue Ms. Hazan for unpaid assessments. In the Order Striking, the Court ruled

---

[1] The full title of ECF No. 1394 is *Joint Motion to Reopen Case, for Relief from Discharge Order and Final Decree, to Declare Confirmed Plan in Default, to Strike Confirmation Order, to Dismiss Case with Prejudice and Restore All Parties to Their Prepetition Status.*

that the Association Members lack standing in this bankruptcy case, not that the Association Members lack standing generally to pursue any claims they may have against Ms. Hazan.

The Association Members also argue this Court erred under the reasoning of *Rogers & Ford Constr. Corp. v. Carlandia Corp.*, 626 So. 2d 1350 (Fla. 1993). That case holds that members of an association, in addition to the association, can sue to enforce restrictive covenants. The Court's ruling does not conflict. The Order Striking does not rule that the Association Members have no claim against Ms. Hazan in an appropriate forum. The Order Striking rules they do not have standing in this bankruptcy case. *Rogers & Ford* supports the possibility that the Association Members have a claim against Ms. Hazan, but the Association Members have not filed a proof of claim in this case. They have no standing here.

FICA filed a proof of claim. However, pursuant to a settlement between FICA and Ms. Hazan, "The Debtor hereby modifies her Fourth Amended Plan … to remove any language concerning payment to FICA and to provide that all issues concerning FICA shall be resolved in the Circuit Court for Miami-Dade County." ECF No. 658. The order approving that settlement is final and non-appealable. ECF No. 666. The Association Members claim injury because Ms. Hazan has failed to pay FICA. FICA and Ms. Hazan agreed to litigate those issues elsewhere. The Association Members do not have standing in this case to complain about non-payment of a claim that should have occurred outside of this case and Ms. Hazan's plan. They may seek relief elsewhere.

The Movants lack standing. The Court did not err in the Order Striking. If the Movants believe they have suffered an injury due to Ms. Hazan defaulting on her confirmed plan, they can pursue those claims in an appropriate forum. This is not the appropriate forum.

The District Court recently described Mr. Kosachuk as a "frequent filer who has repeatedly, and over the course of several years, attempted to insert himself in the

bankruptcy proceedings involving Ms. Hazan. Those attempts have been repeatedly denied. Ultimately, sanctions were entered against Mr. Kosachuk for his violation of numerous orders entered by Judge Cristol." ECF No. 1397. The Motion to Reopen and Motion for Rehearing are merely the Movants' latest effort to insert themselves in this case without any basis in fact and law. This is nothing more than an attempt to circumvent this Court's previous orders disallowing NLG's claim and approving the FICA settlement.[2]

For the foregoing reasons, the Motion for Rehearing [ECF No. 1402] is DENIED.

### 

Copy to:
Juan Ramirez, Jr., Esq.

*Juan Ramirez, Jr., Esq. is directed to serve a copy of this order on all appropriate parties and shall file a certificate of service with the Court.*

---

[2] The Movants also claimed the Court concluded that Ms. Hazan left them "holding the bag." This mischaracterizes the Order Striking. The beginning of that sentence is "The Association Members claim." The Court clearly did not make a conclusion when it summarized the Movants' argument.